**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

South Carolina Department of Social Services, Respondent,

v.

Michelle Shuler, Brian O'Neil, and Ashley Buffington O'Neil, Defendants,

Of Whom Brian O'Neil is the Appellant.

In the interest of a minor under the age of eighteen.

Appellate Case No. 2014-000753

———————————

Appeal From Greenville County
Robert N. Jenkins, Sr., Family Court Judge

———————————

Unpublished Opinion No. 2015-UP-276
Submitted May 15, 2015 – Filed June 1, 2015

———————————

**AFFIRMED**

———————————

Matthew P. Head, of Head Law Firm, LLC, of Greenville, for Appellant.

Jonathan Ashley Neal, of the South Carolina Department of Social Services, of Greenville, for Respondent.

Don J. Stevenson, of Don J. Stevenson, Attorney at Law, of Greenville, for Guardian ad Litem.

**PER CURIAM:** Brian O'Neil (Father) appeals the family court's order removing his ten-year-old son (Child) pursuant to section 63-7-1660 of the South Carolina Code (2010 & Supp. 2014). On appeal, Father argues the family court's decision to transfer legal and physical custody of Child to Child's maternal grandmother (Grandmother) on April 4, 2014, absent a motion from any party, was not in Child's best interest.

We construe the family court's merits removal order as temporarily transferring legal and physical custody of Child to Grandmother for the purposes of a placement plan under section 63-7-1680 of the South Carolina Code (Supp. 2014) and hold Child's placement with Grandmother is in Child's best interest. *See* S.C. Code Ann. § 63-7-1680(E)(1) (providing "[i]n the absence of good cause to the contrary, preference must be given to placement with a relative or other person who is known to the child and *who has a constructive and caring relationship with the child*" (emphasis added)); S.C. Code Ann. § 63-7-10(A)(6) (2010) ("Child welfare intervention into a family's life should be structured so as to *avoid a child's entry into the protective service and foster care systems* if at all possible." (emphasis added)). The family court's merits removal order is therefore

**AFFIRMED.**[1]

**THOMAS, KONDUROS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.